RULEY, JUDGE:
On March 10, 1979, claimant David A. Campbell was operating a 1974 Porsche 911 Targa automobile on State Route 39 near Swiss in Nicholas County, West Virginia. The automobile was titled in the name of Campbell’s Coal Company, owned by claimant’s father, Hobert A. Campbell. Claimant David A. Campbell testified that it had begun to rain, to sprinkle, after he left Charleston. He was traveling between 20 and 25 miles per hour, and accelerated to 45 or 50 miles per hour in attempting to pass the vehicle in front of him. As claimant drove up beside this vehicle, he saw a large pothole in the passing lane. It was too late to stop his car, and claimant hit the hole, lost control of the vehicle, hit an embankment, went off a 35-40 foot cliff, and landed on his wheels on a railroad track.
David A. Campbell suffered personal injuries as a result of this accident, and the automobile was a total loss. The parties in this claim have filed a written stipulation with the Court, indicating that claimant incurred medical expenses in the amount of $2,187.60, and towing and storage charges for the automobile in the amount of $350.00. Claimant Hobert A. Campbell testified that his insurance company paid, for the damage to the car, the sum of $11,000.00, allowing claimant the salvage value.
Testifying on behalf of the respondent was Claude Blake, a claims investigator. Mr. Blake stated that the following signs were posted along Route 39: a “Rough Road” sign 3.6 miles from the scene of the accident, a “Road Work Ahead” sign 3.5 miles from the accident site, and a speed sign showing 40 miles per hour and a curve arrow, located in the vicinity of the pothole in question. *392 Lloyd Sanford, another claims investigator, testified that the signs indicating “Road Work Ahead” and “Rough Road” were placed along Route 39 on February 28, 1979. Gilbert L. Forren, a highway maintenance engineer, stated that a pothole problem existed on Route 39 every winter due to heavy truck traffic and the freezing and thawing of the pavement. He further stated that the Department of Highways had begun patching work on Route 39 in February of 1979.
It is well established in the law of West Virginia that the State cannot and does not guarantee the safety of motorists upon its highways. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). However, the respondent does owe a duty of exercising reasonable care and diligence in the maintenance of the highways.
It is the opinion of this Court that the respondent has met its duty of reasonable care under the circumstances of this case. Adequate warning signs were placed by the respondent in the area of claimant’s accident, and repair work had begun the month before the accident. Claimant, however, did not use reasonable care in the situation. He was traveling on a wet, two-lane road along which warning signs were evident, yet he attempted to pass a vehicle, which required an acceleration beyond the posted speed limit. For the foregoing reasons, the claim must be denied.
Claim disallowed.